IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE, #B31317** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**GENEVA ELAINE BONIFIELD,** )<br>**JOANNA K. HOSCH,** )<br>**SARAH JESSICA ROBERTSON,** )<br>**JOSEPH DAVIS,** )<br>**BILLY VAUGHN,** )<br>**KENNETH SMITH,** )<br>**C/O SANDERS,** )<br>**RICKY D. DAUGHTERY,** )<br>**C/O BOCKMAN,** )<br>**CURTIS MOORE,** )<br>**AMANDA KAMOREK** )<br>)<br>**Defendants.** ) | **CIVIL NO. 11-886-GPM** |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, Mr. Donnie D. White, currently incarcerated at Tamms Correctional Center ("Tamms"), has brought this *pro se* civil rights action for two counts of retaliation pursuant to 42 U.S.C. § 1983.

The ensuing is a summary of the facts alleged in the complaint (Doc. 1). Plaintiff submitted legal documents to Defendants Hosch, Robertson, and Bonifield, so that Plaintiff could obtain copies. The documents pertained to two (2) lawsuits Plaintiff filed. Robertson subsequently told Plaintiff that if he did not dismiss Robertson as a Defendant in a lawsuit, that Robertson would get even with Plaintiff. These three Defendants charged Plaintiff for the copies, but have refused to

return the documents to Plaintiff. Hosch, Robertson, and Bonifield's retaliatory activity is because Plaintiff has filed grievances and lawsuits.

Plaintiff told Defendant Davis that Plaintiff wished to go on "hunger strike" as a form of protest for the conditions at Tamms. However, Davis told Plaintiff that he would not be permitted to go on hunger strike. As a result, Defendants Kamorek, Moore, Bockman, Sanders, Daughtery, Smith, and Vaughn extracted Plaintiff from his cell. These Defendants then told Plaintiff that since they had to extract Plaintiff from his cell, Plaintiff would be missing certain items from his cell when he returned. Plaintiff lists several personal items he is now missing and that Defendants have refused to return.

Plaintiff seeks declaratory and injunctive relief, compensatory and punitive damages, attorneys fees and costs, and other relief the Court deems appropriate.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

Count Two is a claim for retaliation against Davis, Kamorek, Moore, Bockman, Sanders, Daughtery, Smith, and Vaughn. In general, a claim for retaliation requires the retaliation be done in response to Plaintiff's exercise of a constitutionally protected freedom. *See McDonald v. Hall,* 610 F.2d 16 (7th Cir. 1979). Here, the alleged retaliation is an extraction of Plaintiff from his cell and missing personal items as a result of Plaintiff's "hunger strike." These allegations fail to state a claim upon which relief can be granted because Plaintiff simply does not plead "enough facts to

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *See Owens v. Hinsley*, 635 F.3d 950, 953-54 (7th Cir. 2010) (an inmate "conducting a hunger strike does not have a constitutionally protected right to refuse life-saving medical treatment." The district court was correct in dismissing Plaintiff's claim that his "right to peaceful demonstration" was infringed when his hunger strike was forcibly ended). Count Two is dismissed with prejudice.

Count One is also a claim for retaliation, but against Defendants Hosch, Robertson, and Bonifield. Here, the Court finds Plaintiff has articulated a colorable federal claim for retaliation in violation of Plaintiff's First Amendment right to use the prison grievance system and to file lawsuits. *See Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012).

However, the Court finds that Count One and Count Two are wholly unrelated. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George,* 507 F.3d at 607, *citing* 28 U.S.C. § 1915(b), (g).

Consistent with the *George* decision and Federal Rule of Civil Procedure 21, the Court **SEVERS** Count One of Plaintiff's complaint and **DIRECTS** the Clerk to open a new case with a newly-assigned case number for that case. The Court further directs the Clerk to add to the docket of the newly-opened case a copy of Plaintiff's complaint, the IFP application from this case and a copy of this order. If for any reason, Plaintiff does not wish to proceed either with this case or with the newly-opened case, he must notify the Court within 30 days. Unless Plaintiff notifies the Court that he does not wish to pursue the severed action, he will be

responsible for a separate filing fee in each case.

**DISPOSITION**

Plaintiff's retaliation claim against Defendants Davis, Kamorek, Moore, Bockman, Sanders, Daughtery, Smith, and Vaughn (Count Two) fails to state a claim upon which relief can be granted. The claim is **DISMISSED with prejudice**. Plaintiff is advised that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Plaintiff's retaliation claim against Defendants Hosch, Robertson, and Bonifield (Count One) is **SEVERED** into a separate action, for which the Clerk shall open a new case. In the new case addressing Plaintiff's retaliation claim, the Defendants are Hosch, Robertson, and Bonifield. Plaintiff shall notify the Court on or before September 21, 2012, if he does not wish to proceed on the case. At that time, the Court will order service of process on Defendants.

**IT IS SO ORDERED.**

DATED: August 23, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge