## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNIE D. WHITE, #B31317** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) |
| | ) |
| **GENEVA ELAINE BONIFIELD,** | ) |
| **JOANNA K. HOSCH,** | ) |
| **SARAH JESSICA ROBERTSON,** | ) |
| **JOSEPH DAVIS,** | )  **CIVIL NO. 11-496-GPM** |
| **BILLY VAUGHN,** | ) |
| **KENNETH SMITH,** | ) |
| **C/O SANDERS,** | ) |
| **RICKY D. DAUGHTERY,** | ) |
| **C/O BOCKMAN,** | ) |
| **CURTIS MOORE,** | ) |
| **AMANDA KAMOREK** | ) |
| | ) |
| **Defendants.** | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This matter is before the Court on a motion to reconsider (Doc. 14) filed by Plaintiff, Mr. Donnie D. White, who is currently incarcerated at Tamms Correctional Center ("Tamms"). Plaintiff filed this *pro se* civil rights action for two counts of retaliation pursuant to 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court conducted a threshold review of Plaintiff's complaint. After a careful reading of Plaintiff's papers, the Court determined that one of Plaintiff's retaliation claims failed to state a claim and that the other *did* state a claim, but was unrelated and thus required severance. (*See* Doc. 12).

Plaintiff now asks the Court to reconsider its prior Order. The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." The Seventh Circuit has held, however, that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).

Plaintiff's present motion takes issue with this Court's decision to dismiss one of Plaintiff's counts and sever the other count (*See* Doc. 14). Since Plaintiff's motion was filed within a timely manner, the Court construes Plaintiff's motion as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). *See* FED. R. CIV. P. 60(b). In general, the reasons offered by a movant for setting aside an order or judgment must be something that could not have been employed to obtain a reversal by direct appeal. *See e.g., Bell v. Eastman Kodak Co*., 214 F.3d 798, 801 (7th Cir. 2000).

Upon review of the record, the Court remains persuaded that its ruling dismissing Plaintiff's claim against Defendants Davis, Kamorek, Moore, Bockman, Sanders, Daughtery, Smith, and Vaughn with prejudice and severing Plaintiff's other count was correct. Plaintiff's motion for reconsideration (Doc. 14) is **DENIED**.

**IT IS SO ORDERED.**

DATED: September 18, 2012

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge